UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANDREA S. NUTT, et al                                                      PLAINTIFFS

v.                                                     CIVIL ACTION NO. 3:01CV-366-S

BAYER CORPORATION                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of a plaintiff, John Nutt, to file an amended and supplemental complaint.

The original complaint in this matter was filed on May 18, 2001 in the Jefferson County, Kentucky Circuit Court. In the original complaint, John Nutt joined as a plaintiff to claim loss of consortium as a result of the injuries allegedly sustained by his then-wife, Andrea S. Nutt.

In the intervening time, Andrea S. Nutt and John Nutt became divorced by virtue of a decree of dissolution of marriage entered on August 11, 2004.

On July 25, 2006, John Nutt moved to file an amended and supplemental complaint in this action. In this amended and supplemental complaint, he restates his loss of consortium claim. Additionally, he claims as damages medical expenses for Andrea S. Nutt which were allegedly paid by him during their marriage, and for which he claims entitlement to reimbursement. Further, he claims as damages the cost of employing nannies to care for his children as a result of Andrea S. Nutt's claimed injuries.

- 2 -

In the memorandum accompanying his motion, John Nutt states that "[t]he purpose of the plaintiff's Amended And Supplemental Complaint is simply to clarify what type costs Bayer's wrongdoing caused him specifically as opposed to Andrea."

The defendant contends that the medical expense and nanny claims proposed by John Nutt are barred by the statute of limitations for consortium claims. Of course, these are not consortium claims. Rather, they are claims which derive from the alleged injuries suffered by Andrea S. Nutt, rather than "the right to the services, assistance, aid, society, companionship, and conjugal relationship between husband and wife . . ." KRS 411.145.

The defendant contends, and concedes, that the damages John Nutt is attempting to assert in his amended and supplemental complaint are damages that Andrea might be entitled to receive, but for the fact that she apparently did not actually suffer those damages herself.

It is true that the two new claims asserted in the amended and supplemental complaint have been asserted far beyond the original applicable statute of limitations, and also more than one year after the dissolution of the Nutts' marriage. However, the plaintiff does not claim surprise or prejudice as a result of the substance of the claims, and John Nutt's assertion that the purpose of the amended and supplemental complaint is to merely clarify, and reallocate the damage claims, appears to be accurate.

Under the circumstances, we perceive that the amended and supplemental complaint will relate back to the filing of the original complaint, since the claims asserted in the amended pleading arise out of the occurrences set forth in the original complaint filed herein by Andrea S. and John Nutt. FED. R. CIV. P. 15(c)(2).

- 3 -

For that reason, and the court being mindful of the admonition in FED. R. CIV. P. 15(a) that leave to amend should be "freely given when justice so requires," the motion of the plaintiff, John Nutt, to file the tendered amended and supplemental complaint in this action may be and the same is hereby **GRANTED.**

**IT IS SO ORDERED** this

cc:   Counsel of Record